UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTONIO GONZALEZ,

    Petitioner,

v.

STATE OF NEW JERSEY EX REL., et al.,

    Respondents.

Civ. No. 12-2190 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION

In an Opinion and Order entered January 31, 2013, this Court dismissed as time-barred petitioner's habeas petition filed pursuant to 28 U.S.C. § 2254. (*See* Dkt. Nos. 26 & 27.) On March 28, 2013, at the earliest,[1] Petitioner filed a motion for reconsideration. The clerk shall reopen the case in order to permit the Court to decide Petitioner's motion for reconsideration. For the reasons stated below, the motion for reconsideration will be denied and the Clerk will be ordered to re-close the case.

### II. BACKGROUND

Petitioner is challenging a 2001 state court conviction and sentence. He filed a *pro se* petition for writ of habeas corpus in April 2012. On January 31, 2013, the Court found that the petition was barred by the one-year statute of limitations in AEDPA.

A detailed recital of the facts was provided in the Court's previous opinion. The New Jersey Supreme Court denied certification on Petitioner's direct appeal of his conviction and

---

[1] Pursuant to the prisoner "mailbox rule," petitioner's filings are deemed filed on the date he delivered them to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *see also Terrell v. Benfer*, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) (per curiam) (using date prisoner signed document for purposes of prisoner "mailbox rule.")

1

sentence on March 11, 2004. Accordingly, Petitioner's conviction became final ninety days later, on June 9, 2004. *See Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (noting that state supreme court's decision became final after ninety days because the time for seeking certiorari from the United States Supreme Court expired).

Thereafter, Petitioner filed a petition for post-conviction relief the New Jersey Superior Court. The petition was dated August 8, 2005, which is the date the Court will consider it filed under the prisoner "mailbox rule."[2] *See Terrell*, 429 F. App'x at 75 n.1 (using date prisoner signed document for purposes of prisoner "mailbox rule.") Petitioner's post-conviction relief ("PCR") petition was denied at all three levels of the New Jersey State courts. The New Jersey Supreme Court denied certification on January 13, 2012. As stated above, Petitioner filed this habeas petition on March 28, 2012.

On January 31, 2013, this Court dismissed the habeas petition as time-barred. I determined that, "[e]ven before Petitioner filed his state PCR petition, the one-year deadline to file a federal habeas petition had run. Consequently, the exclusion of appeal-related and PCR-related time from the calculation makes no difference." (Dkt. No. 26 at p. 4.)

### III. ANALYSIS

Local Civil Rule 7.1(i) allows a party to seek reconsideration by the Court of matters which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v.*

---

[2] In the answer, Respondents stated that Petitioner "filed" his state PCR petition on February 24, 2006. But even the earlier August 8, 2005 date claimed by Petitioner came more than one year after his conviction became final, and therefore could not have tolled the one-year federal habeas statute of limitations,. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) (noting that state PCR petition had no effect on tolling because the limitations period had already run when it was filed).

2

*Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

At the outset, I observe that Petitioner's motion for reconsideration is untimely. Motions under Local Civil Rule 7.1(i) must be served and filed within fourteen days after the entry of the order. The Order dismissing the habeas petition was filed on January 31, 2013, and Petitioner's motion for reconsideration was filed some fifty-six days later, on March 28, 2013. Furthermore, Petitioner's motion for reconsideration would be untimely even under Federal Rule of Civil Procedure 59(e), which states that, "[a] motion to alter or amend judgment must be filed no later than 28 days after the entry of judgment."

In the alternative, however, I would deny Petitioner's motion for reconsideration on the merits. In his motion, Petitioner makes three main points: (1) Respondents never filed a formal opposition to his habeas petition; (2) equitable tolling applies; and (3) he is in custody on an expired sentence.

A. <u>Argument I – No Formal Opposition to Habeas Petition</u>

Petitioner argues that Respondents filed no formal opposition to his habeas petition. In support, Petitioner notes that the only response on behalf of Respondents was filed by the Essex County Prosecutor's Office, as opposed to the New Jersey Attorney General's Office

3

In this District it is common for the office of the county prosecutor who prosecuted the underlying criminal case to file a response on behalf of the respondents in a § 2254 case. That practice makes sense because that office would presumably be more familiar with the underlying proceedings. Ordinarily, the State Attorney General's Office would have had no involvement in the previous criminal proceedings.

The Essex County Prosecutor's Office submitted a notice of appearance on behalf of Respondents on December 18, 2012. It filed a response to the habeas petition on behalf of Respondents on December 27, 2012.

Petitioner's argument that no formal answer was filed is inaccurate, and, to the extent it is accurate, hypertechnical. It provides no ground for relief.

B. Argument II – Equitable Tolling

Petitioner next argues that the doctrine of equitable tolling should apply to render his petition timely. The Court noted in its prior Opinion that Petitioner did not provide any factual allegations or evidence that would support equitable tolling. Petitioner's assertions in his motion for reconsideration do not change this finding.

The Supreme Court has stated that, "[g]enerally, a litigant seeking equitable tolling [of the federal habeas statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008). "Equitable tolling is a remedy which should be involved 'only sparingly.'" *Id.* (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990))).

With respect to the diligence that is necessary for equitable tolling, the Third Circuit has stated that:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland* [*v. Florida*], 130 S. Ct. [2549,] at 2565 [(2010)]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Jones* [*v. Morton*, 195 F.3d [153,] 160 [(3d Cir. 1999)]. A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case. . . . The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (internal citations omitted). Extraordinary circumstances may be found where (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

As previously stated, the Court determined that Petitioner's habeas petition was barred under the one-year AEDPA statute of limitations. More than one year elapsed between the date his conviction became final and the date he filed his PCR petition. Petitioner presents no facts or arguments to support equitable tolling of that period. On this ground, too, the motion for reconsideration is denied.

C. <u>Argument III – In Custody on an Expired Sentence</u>

Finally, Petitioner argues in his motion for reconsideration that he is in custody on an "expired sentence." However, this argument does not allege: (1) an intervening change in the controlling law with respect to the untimeliness finding; (2) the availability of new evidence that was not available when the court issued its order dismissing the petition as time-barred; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice with respect to the untimeliness finding. *See Max's Seafood Café*, 176 F.3d at 677.

This would appear to be an entirely new ground not raised on the original motion, and hence inappropriate for reconsideration. On closer inspection, however, it seems to be merely a repackaging of earlier claims. Petitioner argues, not that his sentence has been erroneously calculated or extended, but that his murder conviction was invalid, and hence that the shorter sentence he would have received would have expired by now. Either way, Petitioner's habeas petition remains untimely and reconsideration is inappropriate.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration will be denied. An appropriate order will be entered. There is no reasonable basis for an appeal; a certificate of appealability shall not issue.

DATED: September 30, 2013

_____
KEVIN MCNULTY
United States District Judge